# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-10-00955-RGK(Ex) | Date | August 27, 2010 |
|---|---|---|---|
| Title | *DUPRE v. GENERAL MOTORS, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS)** Plaintiff's Motion to Remand (DE 8); Plaintiff's Motion for Relief (DE 9) JS-6

## I. INTRODUCTION

On March 19, 2010, Lester Dupre ("Plaintiff"), individually and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act (California Labor Code §§ 2698 *et seq.*, "PAGA"), filed suit against General Motors Company ("GM") in San Bernardino County Superior Court. Under PAGA, civil penalties accruing due to violation of certain provisions of the California Labor Code may be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees.

On June 28, 2010, GM removed the case to this Court, asserting subject matter jurisdiction under 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005, "CAFA"), 1441(a), and 1446(b).

Currently before the Court is Plaintiff's Motion to Remand and Plaintiff's Motion for Relief from Central District of California Local Rule 23-3. For the following reasons, the Court **GRANTS** Plaintiff's Motion and hereby **REMANDS** this matter to San Bernardino County Superior Court, and **DENIES AS MOOT** Plaintiff's Motion for Relief.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint asserts claims for (1) unpaid meal period premiums under California Labor Code Sections 226.7 and 512(a); (2) unpaid rest period premiums under California Labor Code Section 226.7; (3) wages not timely paid during employment under California Labor Code Section 204; (4) non-compliant wage statements under California Labor Code Section 226(a); and (5) Defendants' unlawful business practices in violation of California Business and Professions Code Sections 17200 *et seq.* for requiring non-exempt or hourly paid employees to work through their meal and rest periods without paying them proper compensation and for failing to timely pay wages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-10-00955-RGK(Ex) | Date | August 27, 2010 |
|---|---|---|---|
| Title | *DUPRE v. GENERAL MOTORS, et al* | | |

Plaintiff alleges that Defendants employed Plaintiff and other class members as non-exempt or hourly paid employees in California. According to Plaintiff, Defendants knew or should have known that Plaintiff and class members were entitled to receive payment of one additional hour at their regular rate of pay when they did not receive a timely uninterrupted meal period or when a rest period was missed. Plaintiff also alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law. Plaintiff further alleges that Defendants knew or should have known they had a duty to compensate Plaintiff and class members, and that Defendants had the financial ability to pay such compensation. Finally, Plaintiff alleges that Defendants willfully, knowingly, and intentionally failed to do so, falsely representing to Plaintiff and class members that they were properly denied wages.

### III.    JUDICIAL STANDARD

Under CAFA, district courts are vested with "'original jurisdiction of any civil action in which ... the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)). After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving that the amount in controversy requirement has been met. *Lowdermilk*, 479 F.3d at 998.

The Ninth Circuit has identified "at least three different burdens of proof which might be placed on a removing defendant under varying circumstances." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.*

However, "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] we apply a preponderance of the evidence standard." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996), "[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Guglielmino*, 506 F.3d at 699. In 2006, the Ninth Circuit applied the preponderance of the evidence standard of *Sanchez* to a complaint filed under the Class Action Fairness Act (CAFA) that did not specify a particular amount in controversy. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006). ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.")

Finally, the Ninth Circuit held, "when a state-court complaint affirmatively alleges that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-10-00955-RGK(Ex) | Date | August 27, 2010 |
|---|---|---|---|
| Title | *DUPRE v. GENERAL MOTORS, et al* | | |

amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met.'" *Guglielmino*, 506 F.3d at 699 (citing *Lowdermilk*, 479 F.3d at 1000).

### IV. DISCUSSION

#### A. The Preponderance of the Evidence Standard Applies

In *Guglielmino*, the Ninth Circuit held that because the complaint alleged only that "[t]he damages] to each [p]laintiff are less than $75,000[,]" the complaint was facially unclear or ambiguous as to whether the requisite total amount in controversy had been pled. 506 F.3d at 697. Due to the uncertainty surrounding the complaint's intended total recovery beyond the cap on damages, the Ninth Circuit in *Guglielmino* applied the preponderance of the evidence standard. *Id*.

Here, Plaintiff alleges that "[t]he amount in controversy for *each* class representative, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000." (Comp. ¶ 1, emphasis added.) The Complaint alleges a class with more than 100 members. Using 101 as the number of class members, the total amount in controversy would exceed the requisite $5 million if the individual amount were $49,505.00. In contrast, if the individual amount were $49,504.00, the total amount would not exceed $5 million. As in *Guglielmino*, the complaint is facially unclear as to whether the requisite total amount in controversy has been pled, and GM "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Guglielmino,* 506 F.3d at 699.

#### B. Defendant Has Failed to Satisfy its Burden

Plaintiff contends that this case should be remanded to state court because he has not filed any pleading setting forth (1) individual damages in excess of $75,000 and (2) a total amount in controversy over $5 million.

##### 1. *Individual Damages*

As an initial matter, the Court disagrees that Defendant must establish that Plaintiff's individual damages are in excess of $75,000.

The Class Action Fairness Act of 2005 (CAFA) expanded federal jurisdiction for diversity class actions where a class has more than 100 members. The district courts have original jurisdiction if at least one class member is diverse from at least one defendant, and the total amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). There is no requirement that "the matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-10-00955-RGK(Ex) | Date | August 27, 2010 |
|---|---|---|---|
| Title | *DUPRE v. GENERAL MOTORS, et al* | | |

in controversy exceeds the sum or value of $75,000" as is required by § 1332(a).[1]

      2.    *Total Amount in Controversy*

As to the requisite $5 million amount in controversy, Defendant contends that the Complaint places over $40 million in controversy, which is well above the CAFA requirement. (Defendant's Notice of Removal, pp. 6-7, ¶¶ 24-28.) Applying the preponderance of the evidence standard, the Court must determine whether Defendant has carried its burden of proving that the amount in controversy exceeds $5 million. The Court finds Defendant has not met its burden.

The allegations relevant to the amount in controversy as are follows:

- The class is estimated to be greater than 100 individuals although Plaintiff does not know the membership of the entire class at this time.
- Defendant "required Plaintiff and class members to work during meal periods." (Compl. ¶ 45.)
- Defendant "required Plaintiff and class members to work during rest periods." (Compl. ¶ 55.)
- Defendant "failed to pay Plaintiff and class members all wages due to them, within any time period permissible under California Labor Code section 204." (Compl. ¶ 64.)
- Defendant "failed to provide employees with complete and accurate wage statements" in violation of California Labor Code § 226(a). (Compl. ¶ 69.)
- Plaintiff and other aggrieved employees are entitled to recover civil penalties of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation" for violation of California Labor Code § 204 and § 226(a). (Compl. ¶ 66.)

In calculating the amount in controversy for the Plaintiff's first claim for relief (missed meal breaks), Defendant uses 440 as the number of individuals in the putative class. This number is derived through employment records reflecting that 440 persons were employed in a nonexempt hourly or salaried classification within the State of California and that their average rate of pay was approximately $27.35 per hour during the relevant period. (Kanaby Decl., ¶ 4).

Defendant then assumes, without presenting any evidence, that all 440 class members worked the entire four-year period. Defendant then assumes, again without presenting any evidence, that each employee worked 200 days per year throughout the four-year period, and that each employee missed one meal break per day. These assumptions lead to penalty pay of $9,627,200.00 for missed meal breaks. A similar calculation yields penalty pay of $9,627,200.00 for missed rest periods. Defendant then calculates PAGA penalties of $8,976,000.00, statutory penalties of $1,760,000.00, and attorneys

---

[1] In alleging that Defendant must establish Plaintiff's individual damages exceed $75,000, Plaintiff relies on *Cappuccitti v. DirecTV, Inc.*, 2010 WL 2803093 (11th Cir. 2010). However, *Cappuccitti* does not appear on point, as the facts are dissimilar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-10-00955-RGK(Ex) | Date | August 27, 2010 |
|---|---|---|---|
| Title | *DUPRE v. GENERAL MOTORS, et al* | | |

fees of approximately $10,714.075.20. (Notice of Removal, pp. 6-7, ¶¶ 24-28.) Adding these figures results in an estimated total amount in controversy of $40,704,475.20.

However, equally valid assumptions could be made that result in penalty pay amounts for the first two causes of action that are less than $5 million. Without any evidence supporting Defendant's assumptions, the Court finds Defendant's calculations unpersuasive.

In calculating the statutory penalties under the California Labor Code sections, Defendant uses 440 as the number of class members affected and assumes the maximum number of pay periods and the maximum aggregate penalty is involved. (Notice of Removal, p. 6, ¶¶ 26, 27.) Some authority for the proposition that Defendant may maximize statutory penalties is found in *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, a consumer class action case alleging violation of California Civil Code § 1747.08. The court in *Korn* held that because § 1747.08 awarded a maximum statutory penalty of $1000, and because the complaint alleged that every class member was "entitled to civil penalties in amounts up to $1000," the court "may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." 536 F. Supp. 2d at 1205-1206 (citations omitted).

The Court finds this case unpersuasive. In the current case, no allegations are made that every class member is entitled to civil penalties up to the maximum amount available. The calculation of penalties depends heavily on the number of days Defendant withheld wages or wage statements and Plaintiffs' missed meal or rest breaks. Without evidence supporting specific numbers for these variables, the Court cannot accurately calculate the amount of civil penalties to which each class member would be entitled. Furthermore, Defendant has not provided the Court with evidence regarding the duration of any of the alleged violations. Therefore, the Court has no basis for considering the maximum civil penalties to establish the requisite amount in controversy.

In sum, absent evidence of bad faith, "there are cases – as in the instant case – in which the plaintiffs cannot anticipate from the outset the value of their case," and in such cases, "[t]hey are not obligated to overstate their damages to satisfy the defendant's interest in a federal forum, but may plead conservatively to secure a state forum." *Lowdermilk*, 479 F.3d at 1003. Although the present case involves the preponderance of the evidence standard rather than the legal certainty standard of *Lowdermilk*, Defendant's calculations are based on many assumptions that leave the Court to speculate as to the value of too many variables. Inasmuch as the removal statutes are construed restrictively, and any doubts as to the right of removal are resolved in favor of remanding the case to state court, "we cannot base our jurisdiction on Defendant's speculation and conjecture." *Id*. at 1002.

The Court finds that Defendant has failed to prove with a preponderance of the evidence that the amount in controversy meets CAFA's $5 million jurisdictional threshold.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-10-00955-RGK(Ex) | Date | August 27, 2010 |
|---|---|---|---|
| Title | *DUPRE v. GENERAL MOTORS, et al* | | |

**V.     CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion and hereby **REMANDS** this matter to San Bernardino County Superior Court. As the Court has granted Plaintiff's Motion to Remand, the Motion for Relief is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw | |